UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD A. RINES,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 16-cv-13887
Hon. Matthew F. Leitman

**<u>OPINION AND ORDER (1) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS (ECF #19) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #18), (2) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #13), (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #16), AND (4) REMANDING FOR FURTHER PROCEEDINGS</u>**

In this action, Plaintiff Harold Rines challenges the denial of his application for disability insurance benefits under the Social Security Act. Both parties filed motions for summary judgment, and the assigned Magistrate Judge issued a Report and Recommendation in which he recommended that the Court (1) grant Defendant Commissioner of Social Security's motion for summary judgment and (2) deny Rines' motion for summary judgment (the "R&R"). (*See* ECF #18) Rines has filed objections to the R&R (the "Objections"). (*See* ECF #19). The Court has carefully reviewed the R&R and appreciates the Magistrate Judge's careful and thorough

1

consideration of the issues presented. However, as explained below, the Court respectfully disagrees with certain aspects of the Magistrate Judge's analysis and recommended disposition. Accordingly, as set forth below, the Court **SUSTAINS IN PART AND OVERRULES IN PART** Rines' objections, **GRANTS IN PART** Rines' motion for summary judgment, **DENIES** the Commissioner's motion for summary judgment, and **REMANDS** this action for further proceedings consistent with this Opinion and Order.

# I

## A[1]

On February 19, 2014, Rines filed his application for disability insurance benefits (the "Application"). (*See* Admin. R., ECF #11-5 at Pg. ID 204-10.) In the Application, Rines alleged that he became disabled on September 23, 2012. (*See id.* at Pg. ID 204.) Rines maintained that he suffered from, among other things, bilateral shoulder pain, a bulging disc, left ankle pain, depression, and anxiety. (*See* Admin R., ECF #11-6 at Pg. ID 234.) The Social Security Administration (the "SSA") denied the Application because it found that Rines was not disabled. (*See* Admin. R., ECF #11-4 at Pg. ID 122-25.)

---

[1] The Court recites only the facts relevant to the Objections. A full description of the facts is available in the R&R. (*See* R&R, ECF #18 at Pg. ID 458-61.)

Rines thereafter requested and received a *de novo* hearing before an administrative law judge (the "ALJ"). The ALJ held that hearing on October 16, 2015. Rines and an impartial vocational expert testified at the hearing. Rines testified that the bulging discs in his back "make it hard to sit, stand, and walk," that he "lay[s] down ten hours of the day" in part because he cannot sleep at night, and that his wife, who is on oxygen and suffers from Chronic Obstructive Pulmonary Disease ("COPD"), does all of the grocery shopping and most of the chores around his home. (Admin R., ECF #11-2 at Pg. ID 86-88.)

Rines also submitted medical records from his treating physician, Dr. Kenneth Price. In August 2014, Dr. Price found that Rines had "no strength in either shoulder," and he was "unable to do any standing or walking for any length of time due to ankle pain." (Admin R., ECF #11-7 at Pg. ID 357.) Dr. Price also noted that Rines suffered from "low back pain from time to time" due to a "herniated lumbar disc." (*Id.*) Dr. Price concluded that as a result of Rines' shoulder, ankle, and back problems, Rines had "permanent physical limitations" that made him "unable to work." (*Id.*) In January 2015, Dr. Price drafted a medical source statement which stated that Rines was "unable to lift or carry more than 5 [pounds]" and could not "bring [his] shoulders above chest level." (*Id.* at Pg. ID 364-67.)

On November 13, 2015, the ALJ issued a written decision in which he affirmed the SSA's denial of benefits. (*See* Admin. R., ECF #11-2 at Pg. ID 47-55.)

The ALJ found that Rines suffered from the following severe impairments: "Status post bilateral shoulder surgeries, lumbar herniated disc, [and] affective and anxiety disorders." (*Id.* at Pg. ID 49.) The ALJ nonetheless concluded that Rines was not disabled and that there were jobs that existed in significant numbers in the national economy that Rines could perform. (*See id.* at Pg. ID 54-55.)

In reaching this conclusion, the ALJ gave "no weight" to Dr. Price's opinions. (*Id.* at Pg. ID 53.) The ALJ summarized Dr. Price's opinions, and then rejected them in four sentences:

> These opinions are not consistent with or supported by the record as a whole. In addition, these opinions are after claimant's date last insured. Furthermore, Dr. Price is not a specialist and the issue of disability is reserved for the commissioner. Therefore, I give [Dr. Price's] opinions no weight.

(*Id.*)

The ALJ also rejected Rines' testimony that his symptoms rendered him disabled and unable to work. The ALJ concluded that Rines' "statements concerning the intensity, persistence, and limiting effects of [his] symptoms [were] not entirely credible." (*Id.* at Pg. ID 52.)

**B**

On November 2, 2016, Rines filed this action in which he challenges the SSA's denial of benefits. (*See* Compl., ECF #1.) Rines and the Commissioner then

4

filed cross-motions for summary judgment. (*See* Rines' Mot. Summ. J., ECF #13; Commissioner's Mot. Summ. J., ECF #16.)

The Court referred the cross-motions to the assigned Magistrate Judge. On September 6, 2017, the Magistrate Judge issued the R&R in which he carefully analyzed the arguments that parties made in their motions for summary judgment. (*See* R&R, ECF #18.) The Magistrate Judge first reviewed whether the ALJ "properly evaluated the opinions of Rines' treating physician Dr. Price." (*Id.* at Pg. ID 462-67.) The Magistrate Judge ultimately concluded that "the ALJ's decision to discount Dr. Price's opinions [was] supported by substantial evidence." (*Id.* at Pg. ID 467.) Next, the Magistrate Judge reviewed the ALJ's "assessment of Rines' subjective complaints." (*Id.* at Pg. ID 468-71.) Here too, the Magistrate Judge concluded that the ALJ's credibility determination was "supported by substantial evidence." (*Id.* at Pg. ID 471.) As a result of these conclusions, the Magistrate Judge recommended that the Court grant the Commissioner's motion and deny Rines' motion.

On September 19, 2017, Rines filed the Objections. (*See* ECF #19.) Rines argues that the Magistrate Judge failed to recognize and grant relief based upon three errors committed by the ALJ. First, Rines contends that the ALJ failed to provide good reasons for his decision to accord no weight to the opinions of Rines' treating physician, Dr. Price. (*See id.* at Pg. ID 473-74.) Second, Rines asserts that the ALJ

wrongly dismissed Dr. Price's opinions on the ground that Dr. Price failed to link his opinions to the relevant time frame. (*See id.* at Pg. ID 474.) Finally, Rines insists that the ALJ wrongly found that Rines lacked credibility. (*See id.* at Pg. ID 478.) The Court will address each alleged error in turn below.

## II

### A

When a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### B

In reviewing the disputed findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and are made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of*

*Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citations and quotations omitted).

### III

### A

Rines first argues that the Magistrate Judge erred when he concluded that the ALJ sufficiently explained his basis for assigning "no weight" to the opinions offered by Rines' longtime treating physician, Dr. Price. (*See* R&R, ECF #18 at Pg. ID 464-67.) The Court agrees.

Under the so-called "treating physician rule," a treating physician's opinion must be given "controlling weight" if "(1) the opinion 'is well-supported by medically acceptable clinical laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in the case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)). "The Commissioner is required to provide 'good reasons' for discounting the weight given to a treating-source opinion." *Id.* (citing 20 C.F.R. § 404.1527(c)(2)). "These reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the

7

reasons for that weight." *Id.* (citations and quotations omitted). "This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.'" *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004)).

The ALJ rejected Dr. Price's opinions in four perfunctory sentences:

> These opinions are not consistent with or supported by the record as a whole. In addition, these opinions are after claimant's date last insured. Furthermore, Dr. Price is not a specialist and the issue of disability is reserved for the commissioner. Therefore, I give [Dr. Price's] opinions no weight.

(Admin R., ECF #11-2 at Pg. ID 53.)

This dismissal of Dr. Price's opinions falls far short of the required "specific" explanation for discounting a treating source's opinions. The ALJ's statement that Dr. Price's opinions "are not consistent with or supported by the record as a whole" is unhelpful boilerplate that sheds no light on precisely which portions of the record undermine Dr. Price's opinions. Nor does the ALJ explain *how* or *why* the record is incompatible with Dr. Price's opinions. Indeed, the ALJ's general statement that the record, *as a whole*, warrants rejection of Dr. Price's opinions is the *opposite* of the specific explanation required when an ALJ provides a treating physician's opinion less than controlling weight. Because the ALJ offered no meaningful discussion or analysis of Dr. Price's opinions, the Court is unable to provide a "meaningful review" of the ALJ's decision to reject those opinions. *Gayheart*, 710 F.3d at 376.

The Commissioner counters that the ALJ *did* identify the parts of the record that led him to reject Dr. Price's opinions. The Commissioner directs the Court to the paragraph of the ALJ's written decision that immediately follows the paragraph about Dr. Price block-quoted above. (*See* Resp. to Obj., ECF #20 at Pg. ID 486.) But that paragraph does not explain why the ALJ decided not to credit Dr. Price's opinions. Instead, that paragraph identifies evidence that the ALJ *did* credit and sets forth Rines' Residual Functional Capacity (the "RFC") as supported by that evidence. The ALJ's explanation as to how the evidence he *did* credit supports the RFC says nothing about why the ALJ rejected *other* evidence, including Dr. Price's opinions.

Moreover, the Commissioner ignores the structure of the relevant section of the ALJ's opinion (the section containing the four sentences related to Dr. Price's opinion). (*See* Admin R., ECF #11-2 at Pg. ID 53.) In that section, the ALJ separately addresses medical opinions from different doctors in a series of standalone paragraphs. Each of those paragraphs concludes exactly (or almost exactly) as follows: "*Therefore*, I give this opinion __ weight." (*Id.*; emphasis added.) In this context, the ALJ's use of the word "therefore" means "for the reasons stated *above*." By devoting one paragraph to each medical opinion and ending each paragraph with the "therefore" sentences, the ALJ clearly indicated that his assessment of each medical opinion was confined to the paragraph addressing the

9

opinion. Under these circumstances, it is not reasonable to conclude, as the Commissioner argues, that the ALJ's analysis of Dr. Price's opinions continued beyond the one paragraph dedicated to those opinions.

Finally, the Commissioner insists that the ALJ's failure to specifically identify the evidence that led him to reject Dr. Price's opinions was, at most, a harmless error that does not entitle Rines to relief. The Court disagrees. It is true, as the Commissioner argues, that an ALJ's violation of the treating physician rule could conceivably amount to a harmless error "where the Commissioner has met the goal of § 1527(d)(2)[2] —the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Wilson*, 378 F.3d at 547. Stated another way, in some limited circumstances, "the procedural protections at the heart of the rule may be met when the 'supportability' of a doctor's opinion, or its consistency with other evidence in the record, is *indirectly* attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments." *Friend v. Comm'r of Soc. Sec.*, 375 Fed. App'x 543, 551 (6th Cir. 2010) (emphasis added). Simply put, "[i]f the ALJ's opinion permits the claimant and a reviewing court a *clear understanding* of the reasons for the weight given a treating

---

[2] The procedural safeguard is presently found at 20 C.F.R. § 404.1527(c)(2), which provides that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's medical opinion."

physician's opinion, strict compliance with the rule *may sometimes* be excused." *Id.* (emphasis added).

However, "even when an ALJ *correctly* reaches a determination that a treating source's medical opinion is inconsistent with the other substantial evidence in the record, such a determination means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." *Id.* (emphasis in original) (citations and quotations omitted). Indeed, "[e]ven when inconsistent with other evidence, a treating source's medical opinions remain entitled to deference and must be weighed using the factors provided in 20 C.F.R. §§ 404.1527 and 416.927." *Id.*[3] Thus, "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick." *Id.*

In this case, even if the ALJ's failure to specify the reasons supporting his decision not to give Dr. Price's opinions controlling weight could be dismissed as harmless error (and the Court does not believe that that error was harmless), the

---

[3] "If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship . . . as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence." *Gayheart*, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527); *see also* 20 C.F.R. § 416.927.

Court could not excuse the ALJ's failure to explain why, under the factors set forth in 20 C.F.R. §§ 404.1527 and 416.927, he chose to give Dr. Price's opinions *no* weight. As the Sixth Circuit explained in *Friend*, the ALJ's statement that Dr. Price's opinions were inconsistent the other medical evidence in the record is *not* a sufficient substitute for a careful analysis of Dr. Price's opinions and an explanation as to why, under the applicable factors, the opinions are entitled to *zero* weight.

For these reasons, the Court **SUSTAINS** Rines' first objection to the R&R, and it will remand Rines' application for benefits to the Commissioner for further proceedings.[4]

**B**

Rines next argues that the ALJ made a factual error when he wrote that Dr. Price's opinions were "after [Rines'] date last insured." (Admin R., ECF #11-2 at Pg. ID 53.) The Court agrees. While Dr. Price wrote his opinion after the date Rines was last insured, the opinion expressly addressed Rines' condition and capabilities *during the time that Rines was insured*. (Admin R., ECF #11-7 at Pg. ID 364-67.) Thus, the ALJ should not discount Dr. Price's opinions on the ground that it addresses the wrong time period.

---

[4] Nothing in this Opinion and Order precludes the ALJ from according no weight to Dr. Price's opinions on remand. The Court expresses no view of the merits of Dr. Price's opinions. The purpose of the remand is to permit the ALJ to provide a clear and specific explanation concerning the basis of his decision as to how much weight to accord Dr. Price's opinions.

The Commissioner argues that "any error is . . . harmless" because "regardless of whether the ALJ was aware of the retrospective nature of Dr. Price's opinion, he still conclusively established that the evidence from the relevant period contradicted that opinion." (Resp. to Obj., ECF #20 at 489-90.) But, as explained in Section III(A) *supra*, the ALJ did not sufficiently explain why he concluded that Dr. Price's opinions were contradicted by other evidence in the record. The error here is not harmless; the ALJ's factual error further undermines the sufficiency of the ALJ's reasons for according Dr. Price's opinions no weight.

The Court **SUSTAINS** Rines' second objection to the R&R.

C

Finally, Rines objects that (1) the ALJ did not provide adequate reasons to support his determination that Rines' testimony about his alleged symptoms was not credible and (2) the R&R improperly "bootstrap[ped]" other irrelevant evidence to support the ALJ's credibility determination. (Obj., ECF #19 at Pg. ID 480.) The Court disagrees.

"Notably, an ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (citations and quotations omitted). "'The claimant's credibility [regarding the intensity and persistence of symptoms] may be properly discounted

to a certain degree . . . where an [ALJ] finds contradictions among the medical reports, claimant's testimony, and other evidence.'" *Keeton v. Comm'r of Soc. Sec.*, 583 Fed. App'x 515, 532 (6th Cir. 2014) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004)). A court may not disturb an ALJ's credibility determination "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Here, the ALJ provided a number of reasons to support his conclusion that Rines' testimony regarding his symptoms was not credible. The ALJ concluded, among other things, that Rines' "alleged limitations are not supported by or consistent with the medical reports and function report." (Admin R., ECF #11-2 at Pg. ID 52.) The ALJ further noted that even though Rines stated that his wife does most of the household chores, that testimony was not credible because his wife suffers from serious medical conditions, including COPD, and because she requires the use of an oxygen tank. (*See id.*) The ALJ also discussed how Rines' recent statements conflicted with his prior reports of his activity level. (*See id.*) Finally, the ALJ considered Rines' "sporadic work history." (*Id.*) Rines has not identified a "compelling reason" to disturb the ALJ's determination that Rines' testimony regarding his symptoms was not credible. *Smith*, 307 F.3d at 379. Accordingly, the Court **OVERRULES** this objection.

# IV

For the reasons stated above, **IT IS HEREBY ORDERED** that

- Rines' Objections to the R&R (ECF #19) are **SUSTAINED IN PART AND OVERRULED IN PART**;

- Rines' Motion for Summary Judgment (ECF #13) is **GRANTED IN PART**;

- The Commissioner's Motion for Summary Judgment (ECF #16) is **DENIED**; and

- The case is **REMANDED** to the Commissioner for further proceedings consistent with this Opinion and Order.

                        s/Matthew F. Leitman  
                        MATTHEW F. LEITMAN  
                        UNITED STATES DISTRICT JUDGE

Dated: October 24, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 24, 2017, by electronic means and/or ordinary mail.

                        s/Holly A. Monda  
                        Case Manager  
                        (810) 341-9764